The opinion of the court was delivered by
Tilghman, C. J.
This action was originally brought by Wendle Fisher, against William Ayres and others, commissioners of the county of Montgomery, before a justice of the peace, who gave *113 jüdgment for the plaintiff for the sum of sixty-seven dollars and ninety-six cents. The defendants appealed to the Court of Common Pleas, where the action was carried before arbitrators, who made an award in favour of the plaintiff for the same sum of sixty-seven dollars and ninety.-six cents. From this award the defendants appealed, and entered into a recognizance, which, in the opinion of the Court of Common Pleas, was defective, and therefore the appeal was dismissed. The form of recognizance, where the defendant appeals, is prescribed by the act of the 20th of March, 1810, 5 Sm. L. 131, sect. 14. It is to be in the nature of special bail, with condition,that if the plaintiff, in the event of the suit, shall obtain a judgment for a sum equal to, or greater, or a judgment, as or more favourable than the report of the arbitrators, the said defendant shall pay all the costs that may accrue, in consequence of the said appeal, together with the sum, or value of the property or thing awarded by the arbitrator?, with one dollar per day for each and every day that shall be lost by the plaintiff in attending to such appeal, or, in default thereof, shall surrender the defendant or defendants to the jail of the proper county,” &c. In the recognizance in question, the condition is, “ that if the plaintiff shall obtain a judgment, as or more favourable than the report of the arbitrators, then the defendant shall pay all costs that may accrue in'consequence of the said appeal, together with the sum awarded by the arbitrators, with one dollar per day for each and every day that shall be lost by the said plaintiff in attending to such appeal, or, in default' thereof, shall surrender the said defendant to the jail of the proper county, in discharge of the said recognizance.” The alleged defect is, the omission of the words, shall obtain a judgment for a sum equal to or greater. But 1 think this point is settled by the principle adopted in the case of Witman v. Ely, 4 Serg. & Rawle, 260. In that case, the words, shall obtain a judgment as or more favourable than the report of the arbitrators, were omitted, yet the recognizance was held to be good. The principle is, that if the words of the recognizance are sufficient to cover the actual case, so that he may recover upon it any thing which he ought to recover, it is sufficient. Where an award is made in favour of the plaintiff for a sum of money, it will be sufficient if the condition be, “ that if the plaintiff, in the event of the suit, shall .obtain a judgment for a sum equal to or greater than the awaijd of the arbitratorsor if it be, “ that if the plaintiff, in the event of the suit, shall obtain a judgment as or more favourable than the report of the arbitrators,” without inserting both; because either of these conditions is applicable to a report for a sum of money. But if the report had been, not for money, but something to be done by the defendant, then the recognizance would be bad, unless it contained the words, “ shall -obtain a judgment as or more favourable than the report of the arbitrators,” because those words would have been neces *114 sary to make the recognizance suitable to the actual case. Let us suppose now, that in the present case the appellant had been suffered to go on with his appeal in the Court of Common Pleas. If judgment went in his favour, it must have been, to recover a sum of money, because nothing but money was demanded. Then, by comparing the sum for which judgment should be obtained with that awarded by the arbitrators, it'would have appeared at once whether the plaintiff had obtained a judgment as or more favoura-ble than the report of the arbitrators. 'So that this recognizance, which was taken for the benefit of the plaintiff, secured to him every advantage intended to be given to him by .the act of assembly. I am of opinion, therefore, that it was a good recognizance, and consequently that there was error in dismissing the appeal. The judgment is to be reversed, and the recor.d remitted to the Court of Common Pleas, w.ith orders to reinstate the appeal and proceed in it. ■
Judgment reversed, &c.